THE WEBER COMPANY v. THE CHICAGO, ST. PAUL, MIN-
NEAPOLIS & OMAHA RAILWAY COMPANY,
Appellant.

Railroads: Lost Baggage: EVIDENCE. One who writes a railroad
1    to send its "usual permit," enabling travelers to check jewelry, can
not say that he is ignorant of a rule requiring such permits.

Evidence. It is not necessary, in order to waive such a rule, that a
2    receiving baggage man should have *actual* notice that the goods offered
3    for checking are jewelry; neither can there be a recovery because
4    the plaintiff had no *actual* knowledge of such a rule. In either case
it is sufficient that ordinary care would have obtained the knowledge.

Acceptance of Bond. A bond which is returned on account of
1    defective acknowledgment, is not accepted.

*Appeal from O'Brien District Court.*—HON. SCOTT M.
LADD, Judge.

WEDNESDAY, OCTOBER 24, 1894.

ACTION to recover for a trunk and contents,
checked as baggage, and not delivered; also to recover
for time and expenses of plaintiff's agent in attending
a trial in a court as a witness at defendant's request.
The defendant answered, joining issues that will be
hereafter noticed. The case was tried to a jury, and a
general verdict in favor of plaintiff for one thousand

eight hundred and sixty-nine dollars and twenty-seven cents, with certain special findings, returned. Judgment was entered on the verdict. Defendant appeals. *Reversed.*

*Milt H. Allen* for appellee.

*J. H.* and *C. M. Swan* and *Wright, Hubbard & Bevington* for appellant.

GIVEN, J.—I. The plaintiff corporation was engaged in business in Chicago, as wholesale dealers in diamonds, watches, and jewelry, and had traveling agents on the road carrying cases containing samples of their goods for display and sale. On the evening of August 10, 1891, plaintiff's traveling agent, Mr. T. D. Brewster, arrived over the Illinois Central Railway at Le Mars, Iowa, having with him two sample trunks, one large and one small one, containing samples of the goods he was selling, under check. E. L. Mehan was night operator and ticket agent at Le Mars for both the defendant company and the Illinois Central Company, and received said trunks on their arrival, and placed them in the baggage room. About 10:40 on the same evening, Mr. Brewster purchased from Mr. Mehan a ticket over defendant's road from Le Mars to Sibley, Iowa, with a view of taking a train soon to pass. He also delivered to Mr. Mehan his Illinois Central checks for the two trunks and asked to have them checked to Sibley, which was done; Mr Brewster paying to Mr. Mehan fifty cents for overweight. Mehan placed the trunks, with another, on a truck, and ran them out to the platform, to await the arrival of the train; and, while there, the small trunk and contents were stolen, and consequently were never delivered to the plaintiff. Defendant had a rule issued from the office of its general baggage agent "for the government of station agents, baggage men, and train baggage men,"

as follows: "(4) Jewelry sample cases must not be received for storage or checked as baggage under any circumstances unless the owner presents a permit from this office." Defendant granted such permits upon bond given by an applicant indemnifying defendant against loss in excess of fifty dollars in case of loss of such sample cases. Prior to this loss, plaintiff applied to the defendant for such a permit, and presented a bond, which was returned, because not satisfactorily signed. Plaintiff presented a second bond, which was also returned by defendant, June 11, 1891, "for acknowledgment, as our people are very particular about having these bonds properly executed." This bond was not acknowledged or returned to the defendant, but was retained by the plaintiff, and no permit was issued. The jury found specially as follows:

"*Int. 1.* Did the plaintiff, prior to August 10, 1891, know that the defendant, by its rules, did not allow sample trunks containing jewelry for sale or display to be checked as baggage unless the owners thereof first procured a permit so to do from the general baggage agent of the defendant company? *Ans.* No.

J. WYKOFF, Foreman.

*Int. 2.* Did Mehan, the agent of the defendant at Le Mars, when he checked the trunk in controversy as baggage, know, or have good reason to know, at such time, that said trunk was a jeweler's sample trunk, containing jewelry for sale or display? *Ans.* Yes.

J. WYKOFF, Foreman.

*Int. 3.* Do you allow plaintiff anything for the trunk in controversy and its contents? If so, how much? *Ans.* One thousand, eight hundred and eleven dollars and twenty-seven cents.

J. WYKOFF, Foreman.

*Int. 4.* Do you allow plaintiff anything for the traveling expenses, time, and expenses at Le Mars of plain-

tiff's agent Brewster? If so, how much? *Ans.* Fifty-eight dollars.                    J. WYKOFF, Foreman.

There is no conflict in the evidence as to the facts stated above, and no question is made as to the fifty-eight dollars.

II.   Appellant's first contention is that the bond returned for acknowledgment was so accepted by the defendant as to become binding on the plaintiff; that plaintiff was therefore limited to a recovery of fifty dollars; and that the court erred in not submitting that defense to the jury.   We think the court was warranted in holding that the bond was not accepted and binding.   Whether acknowledgment was necessary we need not determine.   The defendant required it, and, in returning the bond for acknowledgment, showed that it was not acceptable without it.   If the defendant accepted the bond, it surely would have issued a permit.

III.   Appellant's next contention is that the first and second special findings are contrary to the evidence.   As to the first, it seems to us to be without any support in the evidence whatever.   The correspondence had in June, previous to this loss, about the bond and permit, shows clearly that the plaintiff knew that the defendant did not carry jewelry sample trunks as baggage without a permit from its general baggage agent.   If plaintiff did not know of such a rule or practice, why did its manager say to defendant, under date of June 5, 1891: "Please give us your usual permit to check baggage over your road, conveying trunks for our traveling man Mr. R. A. Bayer, and oblige."   As to the second finding, there is a conflict in the evidence.   It is unnecessary that we here set it out or discuss it.   It is sufficient to say that the finding has such support that we would not reverse on this ground.   We think the court erred in not granting a new trial on the ground that the first special finding was not supported by the evidence.

IV. The issues as to whether plaintiff knew of the rule of the defendant, and as to whether defendant's agent, Mehan, knew that the trunks were jeweler's sample trunks containing jewelry, were important issues in the case. As to the first, the court instructed the jury to determine "whether the plaintiff, the Webber Company, knew of the existence of said rule." As to the second, they were instructed to determine "whether the agent Mehan, when he received and checked such sample trunk for Brewster, as baggage, knew, or had good reason to know, that the same was a jeweler's sample trunk, containing jewelry." The jury was further told: "If you find that Mehan knew that the sample trunk was a jeweler's sample trunk containing jewelry for sale or display, or if he had good reason so to know,—that is, if an ordinarily cautious and prudent man, under the circumstances, and with the information that Mehan had, would so have known,—then the defendant, by receiving the trunk, waived any rules that it had concerning sample trunks containing jewelry for sale or display, and would be liable for its loss, and you should so find." No complaint is made against this last instruction, and we think it states the rule correctly. The complaint is against the former instruction, wherein the jury was required to find that the plaintiff actually knew of the existence of the defendant's rule as to jeweler's sample cases. We see no reason why the same rule should not apply to both inquiries, why the plaintiff should not be held to the same rule that was applied to the inquiry as to Mehan's knowledge. Defendant asked an instruction to the effect that if the plaintiff, by its officers or managing agent, knew, or, in the exercise of ordinary care, diligence, and intelligence, should have known, of said rule prior to August 10, 1891, the jury should find for defendant on that issue. We think it was error for the court to refuse to so instruct, and that,

because of the instruction given upon the inquiry as to Mehan's knowledge, such error was prejudicial.

For the errors pointed out, the judgment of the district court is REVERSED.